**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
Steven A. Moore, State Bar No. 232114
steve.moore@pillsburylaw.com
Nicole S. Cunningham, State Bar No. 234390
nicole.cunningham@pillsburylaw.com
501 West Broadway, Suite 1100
San Diego, CA 92101-3575
Telephone: 619-234-5000
Facsimile: 619-236-1995

Kecia J. Reynolds (*pro hac vice* to be filed)
kecia.reynolds@pillsburylaw.com
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1200 Seventeenth Street, NW
Washington, DC 20036
Telephone: 202-663-8000
Facsimile: 202-663-8007

Andrew S. Hansen (*pro hac vice* to be filed)
ahansen@foxrothschild.com
Archana Nath (*pro hac vice* to be filed)
anath@foxrothschild.com
Elizabeth A. Patton (*pro hac vice* to be filed)
epatton@foxrothschild.com
**FOX ROTHSCHILD LLP**
222 South Ninth Street, Suite 2000
Minneapolis, MN 55402
Telephone: 612-607-7000
Facsimile: 612-607-7100

Attorneys for Plaintiff
SLEEP NUMBER CORPORATION

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| SLEEP NUMBER CORPORATION,<br><br>        Plaintiff,<br><br>        v.<br><br>AMERICAN NATIONAL<br>MANUFACTURING, INC.,<br><br>        Defendant. | Civil Action No. _____<br><br>**COMPLAINT FOR**<br>**PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Sleep Number Corporation ("Sleep Number"), by and through its undersigned counsel, files this complaint against American National Manufacturing, Inc. ("American National" or "Defendant") for infringement of United States Patent Nos. 5,904,172 ("the '172 patent"), 9,737,154 ("the '154 patent"), and 8,769,747 ("the '747 patent") (collectively, "the patents-in-suit").

## THE PARTIES

## Plaintiff

1.     Sleep Number is a Minnesota corporation with a principal place of business at 1001 Third Avenue South, Minneapolis, Minnesota 55404.

2.     Sleep Number is in the business of designing, manufacturing, and selling adjustable air mattress systems, most notably the Sleep Number® bed, and components thereof, including products that practice the patents-in-suit.

## American National Manufacturing, Inc.

3.     On information and belief, American National is a California corporation organized and existing under the laws of California with a principal place of business at 252 Mariah Circle, Corona, California 92879.   American National may be served via its registered agent for service of process in California: Ric Jansen, 252 Mariah Circle, Corona, California 92879.

4.     On information and belief, American National is in the business of, among other things, manufacturing and selling consumer and medical air bed systems in the United States.

## NATURE OF THE ACTION, JURISDICTION, AND VENUE

5.     Sleep Number brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*

6.     This Court has subject matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States.

COMPLAINT FOR PATENT INFRINGEMENT

**American National**

7.     This Court has personal jurisdiction over American National at least in part because American National is present in and/or transacts and conducts business in and with residents of this District and the State of California.  For example, American National has significant operations in California and in this District, including a manufacturing and distribution plant in Corona, California.

8.     This Court has specific personal jurisdiction over American National pursuant to the California Long Arm Statute because, on information and belief, American National, directly or through intermediaries, has conducted and conducts substantial business in this forum, including but not limited to: (i) engaging in at least part of the infringing acts alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased and/or used by consumers in this forum; and/or (iii) regularly doing or soliciting business or deriving substantial revenue from goods provided to individuals in the State of California and in this District.  In addition, American National maintains highly interactive and commercial websites, such as http://www.americannationalmfg.com/index.html, which is accessible to residents of California and this District, through which American National promotes its products, including products that infringe the patents-in-suit.

9.     Venue is proper is this District under 28 U.S.C. § 1400(b) for the reasons set forth above.  In addition, venue is proper because acts of infringement are occurring in this District and because American National has a regular and established place of business in this District.  For example, American National has a manufacturing and distribution plant located at 252 Mariah Circle, Corona, California 92879.

COMPLAINT FOR PATENT INFRINGEMENT

# FACTUAL BACKGROUND

## Sleep Number

10.     Sleep Number provides products and services, including air mattress systems, most notably the Sleep Number® bed, and components thereof, including pumps for air mattresses, valve enclosure assemblies, and air bladders to consumers throughout the United States and the world.

11.     Sleep Number's air mattress systems are market successes. Specifically, Sleep Number's air mattress systems have significantly changed the specialty sleep industry by providing an alternative to traditional innerspring and foam mattresses, and have repeatedly improved the technology behind air mattresses, transforming them from noisy and uncomfortable substitutes for innerspring or foam mattresses into luxury items that give consumers precise control over the firmness of their mattress.

12.     Sleep Number has invested significantly in the acquisition and maintenance of equipment used to engineer and manufacture the Sleep Number® bed systems.  Sleep Number employs thousands of individuals in the United States in relation to the design, engineering, research and development, manufacture, marketing, and sale of the Sleep Number® bed systems.  Sleep Number invests substantially in the design, engineering, and research and development of the Sleep Number® bed systems.

## The Technology At Issue

13.     The technology at issue relates to systems and methods for adjusting the pressure in an air mattress system, and components thereof.   Traditional mattresses offer a static level of firmness to consumers, so if the bed is shared, both persons using it must agree on the firmness level.  Further, even if the mattress is not shared, some people may wish to adjust the firmness of their mattress periodically, without buying an entirely new mattress.   Traditional innerspring and foam

COMPLAINT FOR PATENT INFRINGEMENT

1  mattresses cannot solve this problem; such mattresses have uniform, constant
2  firmness.

3        14.    An air mattress system, on the other hand, can be designed to allow for
4  individualized comfort sections, which allows those with different firmness
5  preferences to share the same bed without compromising comfort.  Further, an air
6  mattress system allows a mattress's firmness to be changed over time, allowing
7  persons whose desired firmness changes to have, for example, a relatively firm
8  mattress one night and a soft one the next.

9  **PATENTS-IN-SUIT**

10       15.    On May 18, 1999, the United States Patent & Trademark Office
11 ("PTO") duly and lawfully issued U.S. Patent No. 5,904,172 ("the '172 patent"),
12 entitled "Valve Enclosure Assembly."   Sleep Number is the sole owner by
13 assignment of the '172 patent, a copy of which is attached hereto as **Exhibit 1**.

14       16.    The '172 patent relates generally to an improved valve enclosure
15 assembly.  The improved assembly is used with an air mattress system such as the
16 Sleep Number® bed.  The '172 patent describes improvements over prior art valve
17 enclosure assemblies that have problems with air leakage due to counter pressure in
18 the air bladder and overheating.  The '172 patent also describes embodiments of a
19 valve enclosure assembly that is able to monitor the pressure inside the air mattress
20 during an inflate/deflate cycle, which prior art valve enclosure assemblies were
21 unable to accomplish.  The '172 patent also describes a method of achieving a
22 desired firmness in an air mattress system through the use of an improved valve
23 enclosure assembly.

24       17.    On August 22, 2017, the PTO duly and lawfully issued U.S. Patent No.
25 9,737,154 ("the '154 patent"), entitled "System and Method for Improved Pressure
26 Adjustment."  Sleep Number is the sole owner by assignment of the '154 patent, a

27
28

COMPLAINT FOR PATENT INFRINGEMENT

copy of which is attached hereto as **Exhibit 2**. The '154 patent relates generally to a system and method for adjusting the pressure in an air bed.

18.    On July 8, 2014, the PTO duly and lawfully issued U.S. Patent No. 8,769,747 ("the '747 patent"), entitled "System and Method for Improved Pressure Adjustment." Sleep Number is the sole owner by assignment of the '747 patent, a copy of which is attached hereto as **Exhibit 3**. The '747 patent relates generally to a system and method for adjusting the pressure in an air bed.

19.    Sleep Number is the exclusive owner of all rights, title, and interest in the patents-in-suit.

20.    Sleep Number implements the technology claimed in the patents-in-suit in its Sleep Number® bed systems.

## DEFENDANT'S KNOWLEDGE OF THE '172 PATENT AND INFRINGEMENT

21.    On October 16, 2015, Select Comfort Corporation and Select Comfort SC Corporation (collectively, "Select Comfort")[1] filed a complaint to institute an investigation in the United States International Trade Commission ("ITC"). Select Comfort alleged that American National infringed the '172 patent by unlawfully importing certain accused devices into the United States.

22.    The ITC instituted an investigation on November 20, 2015, Inv. No. 337-TA-971, *Certain Air Mattress Systems, Components Thereof, and Methods of Using the Same*, to determine *inter alia*:

> [W]hether there is a violation of subsection (a)(1)(B) of section 337 in the importation into the United States, the sale for importation, or the sale within the United States after importation of certain air mattress systems, components thereof, and methods of using the same by reason of infringement of one or more of claims 2, 6, 9, 12, 16, 20 and 22-241 of the '172 patent . . .

---

[1] On October 27, 2017, Select Comfort Corporation amended its articles of incorporation to change its name to Sleep Number Corporation.

80 Fed. Reg. 72,738 (Nov. 20, 2015).

23.    An evidentiary hearing was held on August 8-12, 2016.

24.    The Administrative Law Judge ("ALJ") issued an Initial Determination ("ID") that "Respondents infringe claims 12 and 16 of U.S. Patent No. 5,904,172" and that claims 12 and 16 of the '172 patent are not invalid.

25.    Despite finding infringement of Claims 12 and 16 of the '172 patent by American National, the ALJ additionally found that the domestic industry requirement had not been satisfied and thus, a violation of Section 337 of the Tariff Act had not been established.

26.    Select Comfort petitioned the ITC to review that aspect of the ALJ's ID, and the Commission determined to review this portion of the ID, among others. On May 17, 2017, on review, the Commission reversed the ALJ's ID that a violation of Section 337 of the Tariff Act had not been established.

27.    American National also petitioned the ITC to review the ALJ's determination that claims 12 and 16 of '172 patent were infringed and that the '172 patent is not invalid, but the ITC declined to review these aspects of the ID.

28.    During the Commission's review of the ALJ's ID, American National continued to infringe the '172 patent, which caused irreparable harm to Sleep Number.

29.    American National appealed the Commission's final determination to the Federal Circuit, which the ITC moved to dismiss as moot after the '172 patent expired.  On December 26, 2017, the Federal Circuit held the appeal was moot in light of the '172 patent having expired and remanded to the Commission to address American National's request to vacate the Commission's final determination.

# FIRST CLAIM FOR RELIEF

## (Infringement of U.S. Patent No. 5,904,172)

30.     Sleep Number re-alleges and incorporates by reference the allegations of paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31.     By way of assignment, Sleep Number owns all right, title, and interest in the '172 patent, including the exclusive right to seek damages for past infringement thereof.  The '172 patent was valid and enforceable at the time of American National's infringement thereof.

32.     American National had actual knowledge of its infringement of the '172 patent at least by prior written notice mailed on October 15, 2015, and/or service of the complaint to institute an investigation in the ITC filed on October 16, 2015.

33.     American National directly infringed, literally or under the doctrine of equivalents, at least claims 12 and 16 of the '172 patent by making, using, selling, offering for sale, and/or importing into the United States air mattress bed systems that include assembly components such as an air bladder(s) and an air controller, including but not limited to the Gen 3 Arco and Gen 3 Koge and other versions of those air controllers, ("Accused Products") in violation of 35 U.S.C. § 271(a).

34.     American National directly infringed, literally or under the doctrine of equivalents, at least claims 12 and 16 of the '172 patent by making, using, selling, offering for sale, and/or importing the Accused Products to customers in the United States.

35.     On information and belief, American National directly infringed, literally or under the doctrine of equivalents, at least claims 12 and 16 of the '172 patent by advertising the Accused Products to customers in the United States.  On information and belief, American National directly infringed, literally or under the

doctrine of equivalents, at least claims 12 and 16 of the '172 patent by performing quality control testing of the Accused Products in the United States.

36.    American National also indirectly infringed at least claims 12 and 16 of the '172 patent by active inducement under 35 U.S.C. § 271(b) and by contributory infringement under 35 U.S.C. § 271(c).

37.    On information and belief, American National induced infringement of at least claims 12 and 16 of the '172 patent in violation of 35 U.S.C. § 271(b), by knowingly encouraging and instructing others, including customers, resellers, and end users, to make, use, sell, or offer to sell the Accused Products in the United States, or to import the Accused Products into the United States, without license or authority from Sleep Number.  On information and belief, American National provided instructions to customers, resellers, and end users on how to use and operate the Accused Products.  For example, on information and belief, American National provided instructional materials, such as user guides, owner manuals, and similar online resources, on how to use and operate the Accused Products with specific intent of inducing customers, resellers, and end users to infringe at least claims 12 and 16 of the '172 patent.  By providing such instructions, American National knew, or should have known, that its actions actively induced infringement of at least claims 12 and 16 of the '172 patent.

38.    On information and belief, American National contributorily infringed at least claims 12 and 16 of the '172 patent in violation of 35 U.S.C. § 271(c) by selling and offering for sale, in this judicial District and throughout the United States, the Accused Products, which embodied a material component of the inventions claimed in at least claims 12 and 16 the '172 patent, were known by American National to be especially made or especially adapted for use in infringement of at least claims 12 and 16 of the '172 patent, and were not staple articles of commerce or commodities suitable for a substantial, non-infringing use.

COMPLAINT FOR PATENT INFRINGEMENT

On information and belief, the Accused Products were used to practice the claimed inventions of the '172 patent and are especially made and designed to infringe at least claims 12 and 16 of the '172 patent.  On information and belief, there were no substantial non-infringing uses.  On information and belief, American National's actions contributed to the direct infringement of at least claims 12 and 16 of the '172 patent by others, including customers, resellers, and end users of the Accused Products  in violation of 35 U.S.C. § 271(c).

39.    As a result of American National's infringement of the '172 patent, Sleep Number was irreparably injured with respect to its business and intellectual property rights, and is entitled to recover damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

40.    On information and belief, American National's infringement of the '172 patent was willful and deliberate.  For example, despite having knowledge of the '172 patent, and knowledge that it was directly and/or indirectly infringing one or more claims of the '172 patent, American National nevertheless continued its infringing conduct in an egregious manner.  This includes, but is not limited to: (i) American National's collective willful blindness, including its steadfast refusal to investigate whether the Accused Products infringed at least claims 12 and 16 of the '172 patent; and (ii) American National's active participation as Respondent in the prior ITC Investigation in which it failed to prove that at least claims 12 and 16 of the '172 patent were invalid and not infringed.  For at least these reasons, American National's infringing activities detailed above were willful, wanton, and deliberate in disregard of Sleep Number's rights.  Accordingly, Sleep Number is entitled to enhanced damages pursuant to 35 U.S.C. § 284 and to an award of attorney's fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

COMPLAINT FOR PATENT INFRINGEMENT

## SECOND CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 9,737,154)

41.  Sleep Number re-alleges and incorporates by reference the allegations of paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42.  By way of assignment, Sleep Number owns all right, title, and interest in the '154 patent, including the exclusive right to seek damages for past, current, and future infringement thereof.  The '154 patent is valid and enforceable.

43.  American National has had actual notice of its infringement of the '154 patent no later than the time of service of this Complaint.

44.  American National has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 1 of the '154 patent by making, using, selling, offering for sale, and/or importing into the United States the Accused Products in violation of 35 U.S.C. § 271(a).

45.  American National has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 1 of the '154 patent by making, using, selling, offering for sale, and/or importing the Accused Products to customers in the United States.

46.  On information and belief, American National has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 1 of the '154 patent by advertising the Accused Products to customers in the United States.  On information and belief, American National has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 1 of the '154 patent by performing quality control testing of the Accused Products in the United States.

47.  American National has also indirectly infringed and continues to indirectly infringe at least claim 1 of the '154 patent by active inducement under 35 U.S.C. § 271(b) and by contributory infringement under 35 U.S.C. § 271(c).

48.     On information and belief, American National has been, and currently is, inducing infringement of at least claim 1 of the '154 patent in violation of 35 U.S.C. § 271(b), by knowingly encouraging and instructing others, including customers, resellers, and end users, to make, use, sell, or offer to sell the Accused Products in the United States, or to import the Accused Products into the United States, without license or authority from Sleep Number.  On information and belief, American National provides instructions to customers, resellers, and end users on how to use and operate the Accused Products.  For example, on information and belief, American National provides instructional materials, such as user guides, owner manuals, and similar online resources, on how to use and operate the Accused Products with specific intent of inducing customers, resellers, and end users to infringe at least claim 1 of the '154 patent.  By providing such instructions, American National knows (and has known), or should know (and should have known), that its actions have, and continue to, actively induce infringement of at least claim 1 of the '154 patent.

49.     On information and belief, American National has been, and currently is, contributorily infringing at least claim 1 of the '154 patent in violation of 35 U.S.C. § 271(c) by selling and offering for sale, in this judicial District and throughout the United States, the Accused Products, which embody a material component of the inventions claimed in at least claim 1 of the '154 patent, are known by American National to be especially made or especially adapted for use in infringement of at least claim 1 of the '154 patent, and are not staple articles of commerce or commodities suitable for a substantial, non-infringing use.  On information and belief, the Accused Products are used to practice the claimed inventions of the '154 patent and are especially made and designed to infringe at least claim 1 of the '154 patent.  On information and belief, there are no substantial non-infringing uses.  On information and belief, American National's actions

contribute to the direct infringement of at least claim 1 of the '154 patent by others, including customers, resellers, and end users of the Accused Products in violation of 35 U.S.C. § 271(c).

50.    Unless enjoined by this Court, American National will continue to infringe at least claim 1 of the '154 patent, and Sleep Number will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Sleep Number is entitled to preliminary and/or permanent relief against such infringement pursuant to 35 U.S.C. § 283.

51.    As a result of American National's infringement of the '154 patent, Sleep Number has been and continues to be irreparably injured with respect to its business and intellectual property rights, and is entitled to recover damages for such injuries pursuant to 35 U.S.C.§ 284 in an amount to be determined at trial.

52.    On information and belief, American National's infringement of the '154 patent is willful and deliberate.  For example, despite having knowledge of the '154 patent, and knowledge that it is directly and/or indirectly infringing at least claim 1 of the '154 patent, American National has nevertheless continued its infringing conduct in an egregious manner.  For at least these reasons, American National's infringing activities detailed above have been, and continue to be, willful, wanton, and deliberate in disregard of Sleep Number's rights.  Accordingly, Sleep Number is entitled to enhanced damages pursuant to 35 U.S.C. § 284 and to an award of attorney's fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

## THIRD CLAIM FOR RELIEF

## (Infringement of U.S. Patent No. 8,769,747)

53.    Sleep Number re-alleges and incorporates by reference the allegations of paragraphs 1 through 52 of this Complaint as though fully set forth herein.

54.    By way of assignment, Sleep Number owns all right, title, and interest in the '747 patent, including the exclusive right to seek damages for past, current, and future infringement thereof.  The '747 patent is valid and enforceable.

55.    American National has had actual notice of its infringement of the '747 patent no later than the time of service of this Complaint.

56.    American National has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 1 of the '747 patent by making, using, selling, offering for sale, and/or importing into the United States the Accused Products in violation of 35 U.S.C. § 271(a).

57.    American National has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 1 of the '747 patent by making, using, selling, offering for sale, and/or importing the Accused Products to customers in the United States.

58.    On information and belief, American National has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 1 of the '747 patent by advertising the Accused Products to customers in the United States.  On information and belief, American National has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 1 of the '747 patent by performing quality control testing of the Accused Products in the United States.

59.    American National has also indirectly infringed and continues to indirectly infringe at least claim 1 of the '747 patent by active inducement under 35 U.S.C. § 271(b) and by contributory infringement under 35 U.S.C. § 271(c).

60.    On information and belief, American National has been, and currently is, inducing infringement of at least claim 1 of the '747 patent in violation of 35 U.S.C. § 271(b), by knowingly encouraging and instructing others, including customers, resellers, and end users, to make, use, sell, or offer to sell the Accused

Products in the United States, or to import the Accused Products into the United States, without license or authority from Sleep Number.  On information and belief, American National provides instructions to customers, resellers, and end users on how to use and operate the Accused Products.  For example, on information and belief, American National provides instructional materials, such as user guides, owner manuals, and similar online resources, on how to use and operate the Accused Products with specific intent of inducing customers, resellers, and end users to infringe at least claim 1 of the '747 patent.  By providing such instructions, American National knows (and has known), or should know (and should have known), that its actions have, and continue to, actively induce infringement of at least claim 1 of the '747 patent.

61.    On information and belief, American National has been, and currently is, contributorily infringing at least claim 1 of the '747 patent in violation of 35 U.S.C. § 271(c) by selling and offering for sale, in this judicial District and throughout the United States, the Accused Products, which embody a material component of the inventions claimed in at least claim 1 of the '747 patent, are known by American National to be especially made or especially adapted for use in infringement of at least claim 1 of the '747 patent, and are not staple articles of commerce or commodities suitable for a substantial, non-infringing use.  On information and belief, the Accused Products are used to practice the claimed inventions of the '747 patent and are especially made and designed to infringe at least claim 1 of the '747 patent.  On information and belief, there are no substantial non-infringing uses.   On information and belief, American National's actions contribute to the direct infringement of at least claim 1 of the '747 patent by others, including customers, resellers, and end users of the Accused Products in violation of 35 U.S.C. § 271(c).

COMPLAINT FOR PATENT INFRINGEMENT

62.    Unless enjoined by this Court, American National will continue to infringe at least claim 1 of the '747 patent, and Sleep Number will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Sleep Number is entitled to preliminary and/or permanent relief against such infringement pursuant to 35 U.S.C. § 283.

63.    As a result of American National's infringement of the '747 patent, Sleep Number has been and continues to be irreparably injured with respect to its business and intellectual property rights, and is entitled to recover damages for such injuries pursuant to 35 U.S.C.§ 284 in an amount to be determined at trial.

64.    On information and belief, American National's infringement of the '747 patent is willful and deliberate.  For example, despite having knowledge of the '747 patent, and knowledge that it is directly and/or indirectly infringing at least claim 1 of the '747 patent, American National has nevertheless continued its infringing conduct in an egregious manner.  For at least these reasons, American National's infringing activities detailed above have been, and continue to be, willful, wanton, and deliberate in disregard of Sleep Number's rights.  Accordingly, Sleep Number is entitled to enhanced damages pursuant to 35 U.S.C. § 284 and to an award of attorney's fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Sleep Number prays for judgment against Defendant as follows:

A.    A judgment declaring that Defendant has infringed one or more claims of each of the patents-in-suit in this litigation pursuant to 35 U.S.C. §§ 271(a), 271(b), and/or 271(c);

B.    A judgment pursuant to 35 U.S.C. § 283, preliminary and permanently enjoining Defendant, its officers, directors, attorneys, agents, servants, employees,

1  parties in privity with, and all persons in active concert or participation with any of

2  the foregoing, from continued acts of direct or indirect infringement of any claim of

3  the '154 and '747 patents;

4     C.     A judgment requiring Defendant to make an accounting of damages

5  resulting from Defendant's infringement of the patents-in-suit;

6     D.     A judgment awarding Sleep Number damages resulting from

7  Defendant's infringement in accordance with 35 U.S.C. § 284;

8     E.     A judgment that Defendant's infringement of the patents-in-suit is

9  willful from the time that Defendant became aware of the infringing nature of the

10  Accused Products, and that the Court award treble damages for the period of such

11  willful infringement pursuant to 35 U.S.C. § 284;

12     F.     A judgment requiring Defendant to pay Sleep Number costs, expenses,

13  and prejudgment and post-judgment interest for Defendant's infringement of each of

14  the patents-in-suit; and

15     G.     Such other relief as the Court deems just and proper.

16

17  Dated:  February 20, 2018     By:   s/Nicole S. Cunningham
18                                 PILLSBURY WINTHROP
                                   SHAW PITTMAN LLP
19                                 Steven A. Moore, State Bar No. 232114
                                   steve.moore@pillsburylaw.com
20                                 Nicole S. Cunningham, State Bar No. 234390
                                   nicole.cunningham@pillsburylaw.com
21                                 501 West Broadway, Suite 1100
                                   San Diego, CA 92101-3575
22                                 Telephone: 619-234-5000
                                   Facsimile: 619-236-1995
23                                 Attorneys for Plaintiff
                                   SLEEP NUMBER CORPORATION
24

25

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT

1

## <u>DEMAND FOR JURY TRIAL</u>

2

Pursuant to Federal Rule of Civil Procedure 38(b), Sleep Number hereby

3

demands a trial by jury on all issues triable by a jury.

4

5

Dated:  February 20, 2018                    PILLSBURY WINTHROP
                                             SHAW PITTMAN LLP

6

                                     By:     s/Nicole S. Cunningham

7

                                             Steven A. Moore

8

                                             Nicole S. Cunningham
                                             Attorneys for Plaintiff
                                             SLEEP NUMBER CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT